UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 17-mc-50464
Honorable Linda V. Parker

v.

ARTHUR ARMSTRONG,

    Defendant.
_____/

# OPINION AND ORDER DENYING DEFENDANT'S REQUEST TO APPOINT COUNSEL

On October 12, 2016, Defendant Arthur Armstrong ("Defendant") pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 36.) Defendant was sentenced to twelve months of supervised release. (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 43 at Pg ID 247.) As part of his judgment and Rule11 Plea Agreement, Defendant is required to pay $100,941.59 in restitution. (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 42 at Pg ID 250; ECF No. 36 at Pg ID 219.)

On November 2, 2017, Defendant filed a motion for relief from the garnishments. (ECF No. 13.) This matter is presently scheduled for January 16, 2018 for a motion hearing on Defendant's garnishments. Presently before the

1

Court is Defendant's request to appoint counsel for the garnishment proceeding, filed December 20, 2017, and the Government's response, filed December 28, 2017. (ECF Nos. 17 & 18.)

The Sixth Amendment of the United States Constitution states, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Accordingly, there is no statutory or constitutional right to appoint counsel in civil proceedings, including garnishment hearings. *See United States v. Cohan*, 798 F.3d 84, 89-90 (2d Cir. 2015) ("collateral to the underlying criminal conviction, [defendant] did not possess a right to counsel derived from the Sixth Amendment"); *United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) (holding there is no right to counsel in a civil proceeding regarding the Federal Debt Collection Procedures Act); *United States v. Lee*, 504 F. App'x 505, 507 (7th Cir. 2013) ("Garnishment proceedings are civil, not criminal, . . . and civil litigants normally do not have the right to appointed counsel.").

However, in exceptional circumstances a court may appoint counsel when an indigent litigant has pleaded a nonfrivolous cause of action. *See* 28 U.S.C. § 1915(e); *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011). Unless the civil case consists of complex legal and factual issues, the court should decline to appoint counsel. *Richmond*, 450 F. App'x at 452; *see also Phillips v. Jasper Cnty.*

2

*Jail*, 437 F.3d 791, 794 (8th Cir. 2006) ("The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments.").

In this case, Defendant is required to submit documentation to support his claims for a change in his financial circumstances. The facts and legal issues in this case are not complex, and Defendant has the ability to obtain proof of his financial condition. Likewise, due to the lack of complexity of the issues involved, Defendant is able to present his proof to the Court without the assistance of counsel.

Accordingly,

**IT IS ORDERED**, that Defendant's motion (ECF No. 17) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 3, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 3, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager