UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARTHUR ARMSTRONG,

    Defendant.
_____/

Case No. 17-mc-50464
Honorable Linda V. Parker

# OPINION AND ORDER DENYING DEFENDANT RELIEF FROM THE WRIT OF GARNISHMENT

On October 12, 2016, Defendant Arthur Armstrong ("Defendant") pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 36.) On February 1, 2017, this Court sentenced Defendant to twelve months of supervised release. (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 43 at Pg ID 247.) As part of his judgment and Rule 11 Plea Agreement, Defendant is required to pay $100,941.59 in restitution. (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 42 at Pg ID 250; ECF No. 36 at Pg ID 219.)

Presently before the Court is Defendant's request for relief from the restitution order and garnishments, filed November 2, 2017. (ECF No. 13.) The Government filed a response on November 15, 2017. (ECF No. 15.) On January

4, 2018, Defendant provided the Court with a personal monthly budget reflecting his monthly income and expenses. This Court held a hearing on January 16, 2018 and permitted Defendant to supplement his personal monthly budget to reflect his economic hardship. For the reasons set out below, the Court denies Defendant's request.

## I. Background

On October 12, 2016, as part of Defendant's Plea Agreement, Defendant agreed to the payment of restitution in the amount of $100,941.59. (*United States v. Halloun, et al.*, 16-cr-20102, ECF Nos. 36, 43 at Pg ID 247.) (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 43 at Pg ID 247.) Since the judgment, the Government has engaged in collection efforts. Through the Treasury Offset Program ("TOP") the Government received $543.00 in June 2017, which they believe was from Defendant's federal income tax refund. (ECF No. 15 at Pg ID 68.) At the time of the hearing, since August 2017, the Government has received a monthly payment of $215.00 believed to be an administrative offset from Defendant's social security benefits. (*Id.*)

To further collect on the debt, on April 3, 2017, the Government filed an application for writ of continuing garnishment. (ECF No. 1.) The request was submitted to the Michigan Department of Treasury. (*Id.*; ECF No. 3.) On August 16, 2017 and August 24, 2017, the Government filed an application for writ of

continuing garnishment for General Motors and Fidelity Investments. (ECF Nos. 4 & 5.) Fidelity Investments answered the garnishment on September 11, 2017 stating that Defendant receives a monthly benefit of $835.83. (ECF No. 10 at Pg ID 56.) On October 4, 2017, this Court ordered Fidelity Investments to remit twenty-five percent of Defendant's monthly pension to the Government. (ECF No. 11.)

On November 2, 2017, Defendant sent a letter to the Court requesting a hearing to reduce or eliminate the garnishments against him because of financial hardship. (ECF No. 13.) The Government contends that Defendant's request is untimely and not properly before the Court. (ECF No. 15 at Pg ID 66.) On December 6, 2017, this Court scheduled a garnishment hearing and ordered Defendant to provide the Court with support for change of his financial circumstances. A hearing was held on January 16, 2018. Since the hearing, Defendant has submitted financial documents to the Government, which have been forwarded to this Court. The Government filed a supplemental response on April 6, 2018. (ECF No. 20.)

## II. Applicable Law & Analysis

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, requires sentencing courts to order criminal defendants to pay restitution to their victims. "The MVRA, pursuant to § 3664(m)(1)(A)(I),

'provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means.'" *United States v. Jendo*, No. 13-50226, 2013 U.S. Dist. LEXIS 112610, at *3 (E.D. Mich. July 22, 2013). The government may enforce restitution orders through garnishments. 28 U.S.C. § 3205(a). A judgment debtor can object to a garnishment proceeding in two ways. First, within twenty days of receipt of the garnishee's answer, the judgment debtor may file an objection to the answer, stating "the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C. § 3205(c)(5). Next, pursuant to 28 U.S.C. § 3202(d), within twenty days of receiving the notice described in section 3202(b), the judgment debtor may request a hearing to quash the garnishment. However, the garnishment hearing is limited to the following:

> (1) the probable validity of any claim of exemption by the judgment debtor;
> (2) compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—
>   (A) the probable validity of the claim for the debt which is merged in the judgment; and
>   (B) the existence of good cause for setting aside such judgment.
>
> This subparagraph [paragraph] shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

*Id.*

Although Defendant's request is untimely, the Court will use its discretion and address the merits of Defendant's request. Defendant's objection is based solely on his alleged financial hardship so the Court's inquiry is what, if any, exemptions Defendant is entitled.

Defendant was ordered to pay $100,941.59 in restitution. Although Defendant has a monthly payment arrangement in place, the current payment arrangement is insufficient to meet Defendant's repayment obligations. Through TOP, the Government receives an administrative offset from Defendant's social security benefits. In addition to this administrative offset, the Government receives twenty-five percent of Defendant's pension from Fidelity Investments. (ECF No. 15 at Pg ID 68-69.) Defendant argues that the recent garnishments on his pension and social security benefits have adversely impacted his financial stability.

However, Defendant has failed to articulate any legal basis for relief from the restitution order and garnishments. 31 U.S.C. § 3716(a) permits collection efforts by administrative offset[1]: "After trying to collect a claim from a person under section 3711(a) of this title [31 USCS § 3711(a)], the head of an executive,

---

[1] "'[A]dministrative offset' means withholding funds payable by the United States (including funds payable by the United States on behalf of a State government) to, or held by the United States for, a person to satisfy a claim." 31 U.S.C. § 3701(a)(1).

judicial, or legislative agency may collect the claim by administrative offset."

"Congress has subjected to offset all 'funds payable by the United States,' § 3701(a)(1), to an individual who owes certain delinquent federal debts, see § 3701(b), unless . . . payment is exempted by statute, see § 3716(e)(2)." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010); *see also* 31 C.F.R. § 285.5(e)(1).

> (1) Payments eligible for offset. Except as set forth in paragraph (e)(2) of this section, all Federal payments are eligible for offset under this section. Eligible Federal payments include, but are not limited to, Federal wage, salary, and retirement payments, vendor and expense reimbursement payments, certain benefit payments, travel advances and reimbursements, grants, fees, refunds, judgments (including those certified for payment pursuant to 31 U.S.C. 1304), tax refunds, and other payments made by Federal agencies.
>
> (2) Payments excluded from offset under this section. This section does not apply to the following payments:
>
>> (i) Black Lung Part C benefit payments, or Railroad Retirement tier 2 payments;
>> (ii) Payments made under the tariff laws of the United States;
>> (iii) Veterans Affairs benefit payments to the extent such payments are exempt from offset pursuant to 38 U.S.C. 5301;
>> (iv) Payments made under any program administered by the Secretary of Education under title IV of the Higher Education Act of 1965 for which payments are certified by the Department of Education;
>> (v) Payments made under any other Federal law if offset is expressly prohibited by Federal statute;
>> (vi) Payments made under any program for which the Secretary has granted an exemption in accordance with the provisions of 31 U.S.C. 3716(c)(3)(B) and paragraph (e)(7) of this section; and
>> (vii) Federal loan payments other than travel advances.

31 C.F.R. § 285.5(e)(1). The Government contends that because TOP does not disclose the source of the funds, the Government believes the monthly payment of $215.00 is from Defendant's social security benefits. (ECF No. 15 at Pg ID 68.) Defendant agrees that fifteen percent of his social security benefits has been garnished. (ECF No. 13 at Pg ID 63.) However, social security benefits are not exempt from administrative offset, and the taking of fifteen percent of Defendant's social security benefits is consistent with the regulatory scheme. *See* 31 C.F.R. § 285.4(e)(1)(ii) ("The amount offset from a monthly covered benefit payment shall be the lesser of: (ii) An amount equal to 15% of the monthly covered benefit payment . . . ."). Furthermore, to the extent Defendant is seeking relief from TOP, the Court is without authority to take such action.

Likewise, 18 U.S.C. § 3613(a) permits the Government to enforce its judgment against all of a defendant's property or rights to property and does not exempt pensions. Because the source of Defendant's garnishments are not exempt, the Government is well within its right and legal obligation to seek additional means to enforce the restitution order. Furthermore, "[o]ther courts have made clear that the government may seek a writ of garnishment requiring payments on a schedule that exceeds that previously ordered by the Court." *United States v. Miller*, 588 F. Supp. 2d 789, 796 (W.D. Mich. 2007); *United States v. Ekong*, 518 F. 3d 285, 286 (5th Cir. 2007) (rejecting defendant's argument that "there was no

7

justification for requiring immediate payment because the criminal judgment specified that restitution be paid in installments."); *United States v. Schwartz*, No. 09-cr-67, 2011 U.S. Dist. LEXIS 43110, at *12-13 (S.D. Ohio Jan. 14, 2011) (rejecting defendant's objection to restitution order).

Moreover, restitution orders are final and may only be modified in limited circumstances. 18 U.S.C. § 3664(o).

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1) such a sentence can subsequently be—
>
>> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 [18 USCS § 3742] of chapter 235 of this title;
>> (B) appealed and modified under section 3742 [18 USCS § 3742];
>> (C) amended under subsection (d)(5); or
>> (D) adjusted under section 3664(k), 3572, or 3613A [18 USCS § 3664(k), 3572, or 3613A]; or
>
> (2) the defendant may be resentenced under section 3565 or 3614 [18 USCS § 3565 or 3614].

Defendant does not meet any of the conditions that would allow the restitution order to be modified. Federal Rule of Criminal Procedure 35(a) states "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Not only would this request be untimely, but also there is no evidence the Court made any arithmetical, technical or other clear error. Likewise, Defendant is not entitled to relief under 18 U.S.C. §

8

3742 because he waived his right to appeal when he pled guilty on October 12, 2016. (ECF No. 36 at Pg ID 219.) Under 18 U.S.C. § 3664(d)(5), the restitution amount can be modified if the victim's losses are not ascertainable ten days prior to sentencing, which does not apply to this case. Likewise, 18 U.S.C. §§ 3565, 3614 and 3613A, which address modifications in the event of resentencing, defaults and probation violations also do not apply.

The only likely provision Defendant could rely upon to object to his restitution order is 18 U.S.C. § 3664(k):

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Although Defendant provided the Court with a personal monthly budget that supposedly reflects a change in circumstance of Defendant's financial condition, this document is insufficient to support quashing the garnishments or modifying the restitution order. Simply stating that the recent garnishments have created a financial hardship and providing a personal itemized budget is insufficient. (ECF No. 13.)

9

Even with the additional documentation provided to the Court, the Government maintains that Defendant has failed to demonstrate that his financial circumstances have materially changed since sentencing. (ECF No. 20 at Pg ID 91.) To support this conclusion, the two vehicle loans were obtained prior to sentencing, February 1, 2017—both loans appear to have been made in 2016. The Government notes that Defendant has not provided any evidence that he is in default on either of the loans or the insurance has lapsed for failure to pay. *See United States v. Trumball*, No. 1:06-CR-228, 2008 U.S. Dist. LEXIS 32098, at \*1 (W.D. Mich. Apr. 18, 2008) ("While the district courts have authority to modify restitution schedules based on a material change to [a defendant's] financial condition, *see Cani v. United States,* 331 F.3d 1210, 1215 (11th Cir. 2003), the instant motion is lacking in sufficient detail concerning Defendant's finances and is without supporting documentation.") However, in Section 5 of "Financial Statement of Debtor," dated February 9, 2018, the only licensed asset Defendant identifies is the 2016 Sports Coachmen Recreational Vehicle through Community Choice Credit Union. The Court finds that Defendant has not met his burden to relieve him of the $250 monthly restitution obligation. Although Defendant erroneously provided an incorrect monthly income, even with the error, Defendant has failed to demonstrate any material change to his economic condition to support his request.

Therefore, Defendant's request to modify or set aside the restitution order or the garnishments is denied.

Accordingly,

**IT IS ORDERED**, that Defendant's motion (ECF No. 13) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 2, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager