UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARTHUR ARMSTRONG,

    Defendant.
_____/

Case No. 17-mc-50464
Honorable Linda V. Parker

**<u>OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR RELIEF FROM THE WRIT OF GARNISHMENT (ECF No. 22)</u>**

This matter is before the Court on Defendant's motion for relief from the garnishments imposed as a result of a restitution order. (ECF No. 22.) For the reasons set out below, the Court denies Defendant's request.

**I.    Background**

On October 12, 2016, Defendant Arthur Armstrong ("Defendant") pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 36.) On February 1, 2017, this Court sentenced Defendant to twelve months of supervised release. (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 43 at Pg ID 247.) As part of Defendant's Plea Agreement, Defendant agreed to the payment of restitution in the amount of $100,941.59. (*United States v. Halloun, et al.*, 16-cr-

1

20102, ECF Nos. 36, 43 at Pg ID 247.) (*United States v. Halloun, et al.*, 16-cr-20102, ECF No. 43 at Pg ID 247.)

Since the judgment, the Government has engaged in collection efforts through the Treasury Offset Program ("TOP"). To collect on the debt, on April 3, 2017, the Government filed an application for writ of continuing garnishment. (ECF No. 1.) The request was submitted to the Michigan Department of Treasury. (*Id.*; ECF No. 3.) On August 16, 2017 and August 24, 2017, the Government filed an application for writ of continuing garnishment for General Motors and Fidelity Investments. (ECF Nos. 4 & 5.) Fidelity Investments answered the garnishment on September 11, 2017 stating that Defendant receives a monthly benefit of $835.83. (ECF No. 10 at Pg ID 56.) On October 4, 2017, this Court ordered Fidelity Investments to remit twenty-five percent of Defendant's monthly pension to the Government. (ECF No. 11.)

On November 2, 2017, Defendant sent a letter to the Court requesting a hearing to reduce or eliminate the garnishments against him because of financial hardship. (ECF No. 13.) On December 6, 2017, this Court scheduled a garnishment hearing and ordered Defendant to provide the Court with support for change of his financial circumstances. On January 4, 2018, Defendant provided the Court with a personal monthly budget purportedly reflecting his monthly income and expenses. This Court held a hearing on January 16, 2018 and

permitted Defendant to supplement his personal monthly budget to reflect his economic hardship.

After the hearing, Defendant submitted financial documents to the Government, which were forwarded to this Court. The Government filed a supplemental response on April 6, 2018. (ECF No. 20.) Because Defendant had not adequately shown economic hardship, the Court denied Defendant's request in an Order and Opinion dated May 2, 2018. On May 25, 2018, Defendant filed a second request for relief from the TOP, arguing that he does not dispute the restitution amount. (ECF No. 22.) The Government filed a response on June 6, 2018. (ECF No. 24.)

## I.     Applicable Standards

Because Defendant is asking the Court to reconsider its prior decision, the Court will treat Defendant's motion as one for reconsideration.

Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those that are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked. . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

**II. Analysis**

Defendant's motion is nothing more than a restatement of his previous request. Therefore, the Court will not reconsider its previous decision,

absent a showing of a palpable defect, which Defendant has not shown. As the Court stated in its previous order, Defendant has failed to demonstrate a material change in his financial circumstances. (ECF No. 21 at Pg ID 105.)

Without a sufficient basis for the Court to determine Defendant is unable to pay, the Court cannot grant the relief Defendant seeks. *See United States v. Trumball*, No. 1:06-CR-228, 2008 U.S. Dist. LEXIS 32098, at \*1 (W.D. Mich. Apr. 18, 2008) ("While the district courts have authority to modify restitution schedules based on a material change to [a defendant's] financial condition, *see Cani v. United States,* 331 F.3d 1210, 1215 (11th Cir. 2003), the instant motion is lacking in sufficient detail concerning Defendant's finances and is without supporting documentation.").

Furthermore, to the extent Defendant is seeking relief from TOP, the Court is without authority to grant such relief.

Accordingly,

**IT IS ORDERED**, that Defendant's motion (ECF No. 22) is **DENIED**.

                                    s/ Linda V. Parker
                                    LINDA V. PARKER
                                    U.S. DISTRICT JUDGE

Dated: July 19, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 19, 2018, by electronic and/or U.S.

First Class mail.

                                                s/ R. Loury
                                                Case Manager